## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JEFFREY PINDERSKI,** **Plaintiff** v. **COMMONWEALTH TELEPHONE ENTERPRISES, INC.,** **Defendant** | No. 3:05cv2657 (Judge Munley) |

## **MEMORANDUM**

Before the court for disposition is Defendant Commonwealth Telephone Enterprises, Inc.'s motion to dismiss Count I of the Plaintiff Jeffrey Pinderski's complaint in this wrongful discharge from employment action. The parties have briefed their respective positions, and the matter is ripe for disposition.

**Background**

Defendant made a written job offer for the plaintiff to work in their Wilkes-Barre, Pennsylvania office on August 2, 2005. (Compl. ¶ 12). Plaintiff accepted and commenced work for the defendant as the "Product Line Director" on August 12, 2005. The defendant's vice president of marketing, J. Christine Feeley, served as plaintiff's direct supervisor. (Compl. ¶ 22).

At the time that defendant offered the job to plaintiff, he resided in the Chicago, Illinois area with his wife and children. In order to accept the job, plaintiff and his family would have had to eventually move to the Wilkes-Barre area. (Compl. ¶ 14). When plaintiff accepted the job offer, his wife resigned from a job where she received an annual salary of $123,000 plus bonuses, stock options, profit sharing and other employment benefits. (Compl. ¶ 19).

On September 6, 2005, less than a month after plaintiff commenced his employment, Feeley advised him that his employment was terminated because he was not a "good fit" with the defendant. (Compl. ¶ 27). Feeley indicated that plaintiff did not possess the proper experience or credentials for the position,

even though defendant was well aware of his background, experience and credentials from his resume, and from various interviews, and reference checks that defendant conducted before hiring him. (Compl. ¶ 27). Plaintiff then brought the instant two-count action.

Count I is a cause of action for "Breach of Contract for Wrongful Discharge." Plaintiff asserts that the defendant did not have "good cause" to terminate his employment; therefore, his discharge was wrongful. Count II is a claim for unpaid wages under the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq.

Defendant has filed a motion to dismiss Count 1of the complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiff is a citizen of Illinois, and the defendant is a Pennsylvania corporation with a principal place of business in Dallas, Pennsylvania. (Comp. ¶ 4 -5). The amount in controversy is greater than $75,000.00. (Id. at ¶ 6). Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of review**

When a 12(b)(6) motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the

pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).

**Discussion**

Count I of the complaint asserts that the defendant wrongfully terminated plaintiff, and thus breached his employment contract. The parties are in agreement, however, that they did not enter into a written employment contract. The parties are also in agreement that in Pennsylvania, a presumption exists that employment is "at-will." Generally, at-will employees may be terminated at any time, for any reason or for no reason. Stumpp v. Stroudsburg Municipal Auth., 658 A.2d 333, 335 (Pa. 1995). The burden of overcoming the at-will presumption rests with the employee, here the plaintiff. Luteran v. Loral Fairchild Corp., 688 A.2d 211, 214 (Pa. Super. Ct. 1997).

"In order to rebut the presumption of at-will employment, a party must establish one of the following: (1) an agreement for a definite duration; (2) an agreement specifying that the employee will be discharged for just cause only; (3) sufficient additional consideration; or (4) an applicable recognized public policy exception." Id. at 214. In the instant case, the plaintiff asserts that he provided "sufficient additional consideration" to rebut the at-will presumption.

"Sufficient additional consideration" is present where "an employee affords his employer a substantial benefit other than the services which the employee is hired to perform, or **when the employee undergoes a substantial hardship** other than the services which he is hired to perform." Darlington v. General Electric, 504 A.2d 306, 315 (Pa. Super. Ct. 1986), *overruled on other grounds*, Clay v. Advanced Computer Applications, Inc., 559 A.2d 917 (Pa. 1989) (emphasis added). If an employee provides additional consideration, he cannot

be terminated without just cause.  <u>Luteran</u>, 688 A.2d at 216.  The length of time during which it would be unreasonable to terminate, without just cause, an employee who has given additional consideration should be commensurate with the hardship the employee has endured or the benefit he has bestowed.  <u>Veno v. Meredith</u>, 515 A.2d 571, 580 (Pa. Super. Ct. 1986).  Generally, courts have given a narrow reading to the additional consideration doctrine and require a showing of some extraordinary benefit or extraordinary detriment.  <u>Shaffer v. BNP/Cooper Neff, Inc.</u>, No. CIV A. 98-71, 1998 WL 575135 at *7 (E.D. Pa., Sept. 4, 1998); <u>Darlington</u>, 504 A.2d at 315.

Normally, the question of whether sufficient additional consideration has been provided to form an implied contract of employment is a question of fact for the jury, however, we may address the questions of fact and contract interpretation where the " 'evidence is so clear that no reasonable man would determine the issue before the court in any way but one . . . .' " <u>Martin v. Safegaurd Scientifics, Inc.</u>, 17 F. Supp. 2d 357, 369 (E.D. Pa. 1998) (quoting <u>Darlington</u>, 504 A.2d at 312).

Plaintiff alleges that he underwent substantial hardship in order to accept the position with the defendant, and therefore, the defendant needed just cause to terminate his employment.  The defendant argues that the complaint does not allege sufficient hardship to rebut the presumption of at-will employment.

Plaintiff asserts the following as the hardship that he underwent:  the time and expense incurred in preparing to move himself and his family to the Wilkes-Barre, Pennsylvania area from Chicago, Illinois; and his wife's resignation from her job with the Clara Abbott Foundation with an annual salary of $123,000.00 plus annual bonuses, stock options, profit sharing and other employment benefits.  (Compl. ¶ 31).

After a careful review, we find that the plaintiff has not alleged sufficient hardship to establish "additional consideration" as a matter of law.  First, we find that plaintiff's wife leaving her employment cannot be considered in the analysis.  Our research has uncovered no cases which dealt with a spouse leaving a job as a factor in considering "additional consideration."  In fact, the cases all focus on the plaintiff not on hardships of others.  As we are dealing with the possible formation of an implied contract between the plaintiff and the defendant, we find that the consideration must be provided by the plaintiff himself, not his spouse.  Moreover, even where the employee himself leaves a job to take a new one, courts do not consider the resignation from the first job in the analysis of "additional consideration."  Darlington, 504 A.2d at 315.  Thus, we will not consider plaintiff's wife resignation from her position as "additional consideration."

All that remains of the plaintiff's allegations, therefore, is that he expended time and money in preparing to move himself and his family to Pennsylvania.  Defendant contends that more is needed to amount to sufficient additional consideration to rebut the at-will presumption.  For example, in Cashdollar v. Mercy Hosp. of Pittsburgh, 595 A.2d 70 (Pa. Super. Ct. 1991), the court found sufficient additional consideration where an employee left an existing job, sold his home in Virginia and moved his pregnant wife and young child to Pittsburgh from Virginia.  Id. at 73 - 74.  Additional consideration was also found where an employee quit his existing job, rejected a different job offer, sold his home in Massachusetts and purchased a home in Pennsylvania.  News Printing Co., Inc. v. Roundy, 597 A.2d 662, 665 (Pa. Super. Ct. 1991).  Likewise, in Scullion v. EMECO Industries, Inc., 580 A.2d 1356 (Pa. Super. Ct. 1990), the at-will presumption was overcome where the employee left his the current employment

5

and an offered increase in salary, sold his home in California, and made a move to Pennsylvania, where he purchased property and planned to build a house. Id. at 1359.

We are left merely with the expenses plaintiff incurred in preparing to move his family to Wilkes-Barre, Pennsylvania. Significantly, plaintiff has not alleged that he sold his home, bought a new home or actually did move his family to Pennsylvania. These are all factors that have been analyzed by the courts and found in some instances to provide "additional consideration." No cases we have reviewed, and the plaintiff has cited none, hold that merely the expenses in preparing to move one's family to another town is a sufficient hardship to amount to "additional consideration" so as to overcome the "at-will" employment presumption. We find that such expenses are not such an extraordinary detriment to the plaintiff to give rise to an implied contract of employment for a reasonable amount of time. See Veno v. Meredith, 515 A.2d 571, 580 (Pa. Super. Ct. 1986) (Where a plaintiff has merely provided detriments that are "commensurate with those incurred by all manner of salaried professionals" sufficient hardship has not been found. )

Accordingly, we will grant the defendant's motion to dismiss Count I of the plaintiff's complaint. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JEFFREY PINDERSKI,** **Plaintiff** | No. 3:05cv2657 |
| v. | (Judge Munley) |
| **COMMONWEALTH TELEPHONE ENTERPRISES, INC.,** **Defendant** | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **ORDER**

    **AND NOW**, to wit, this 25th day of July 2006, the defendant's motion to dismiss Count I of the plaintiff's complaint (Doc. 7) hereby **GRANTED**.

                      BY THE COURT:

                      s/ James M. Munley
                      JUDGE JAMES M. MUNLEY
                      United States District Court